FILED
06/05/2020
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2020

## STATE OF TENNESSEE v. MELVIN TERRY

**Appeal from the Circuit Court for Blount County**
**No. C-25932 David Reed Duggan, Judge**

_____

### No. E2019-01780-CCA-R3-CD

_____

The defendant, Melvin Terry, appeals the order of the trial court revoking his probation and ordering him to serve his original ten-year sentence in confinement. Upon review of the record, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation, and the imposed sentence is proper. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal) and Matthew Elrod, Maryville, Tennessee (at trial), for the appellant, Melvin Talmadge Terry.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Mike Flynn, District Attorney General; and J. Scott Stuart, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts and Procedural History*

On December 21, 2018, the defendant, Melvin Terry, pled guilty to one count of unlawful possession of a firearm by a convicted felon. As a result of his conviction, the defendant received a ten-year sentence with the Department of Correction, suspended to supervised probation after serving 365 days in confinement.

On February 25, 2019, the first probation violation warrant was issued for the defendant. According to the warrant, the defendant violated the terms of his probation by failing to attend victim impact class, failing to report to his probation officer, and non-compliance with his curfew. On May 6, 2019, the trial court revoked the defendant's probation and ordered the defendant to serve 90 days' confinement in the Blount County Jail followed by immediate return to supervised probation upon his release.

A second violation of probation warrant was issued on August 5, 2019. According to violation report, the defendant reported to his probation officer on July 23, 2019, upon his release from jail, and the drug screen performed at that time came back positive for methamphetamine, amphetamine, and cocaine. A revocation hearing was held on September 23, 2019.

At the revocation hearing, Ms. Ashley Watson, a probation officer with the Department of Correction, testified the defendant was assigned to her in January 2019. While she was not sure whether the defendant's appointment was on the day he was released from jail or a day or two afterwards, Ms. Watson testified that procedure "is to do a drug screen right then." According to Ms. Watson, the defendant did not say anything when she informed him that he was going to be tested. However, after being tested and informed the initial results were positive for methamphetamine, amphetamine, and cocaine, the defendant admitted "drugs were flowing in jail so he did drugs while in jail." At the conclusion of his appointment, the defendant was given a return appointment date of August 5, 2019. The defendant was arrested for violating his probation at his return appointment.

The defendant also testified during the revocation hearing. According to the defendant, who was 33 years old at the time of the hearing, he started using drugs around 15 or 16 years of age and used them off and on since that time. The defendant stated he had never sought or been ordered into drug treatment. Therefore, he asked the trial court "for a better opportunity, a chance to get [himself] clean."

On cross-examination, the defendant admitted he violated the terms of his probation by using drugs. He also admitted that he had previously violated the terms of his probation by not reporting to his probation officer as required for which he was ordered to serve 90 days in confinement. It was during that time the defendant used methamphetamine, amphetamine, and cocaine. The defendant also admitted he never informed his probation officer of his drug problem or his need for help.

At the conclusion of the hearing, the trial court found the State had established a "material violation of the terms of the [defendant's] probation" based on testing positive for methamphetamine, amphetamine, and cocaine. The trial court also noted this was not

the defendant's first violation of probation. The trial court expressed concern over the fact that despite having been violated once and ordered to serve 90 days in jail, the violation and jail time did not "get [the defendant's] attention" and that he used drugs while incarcerated. Although the trial court gave the defendant credit for his honesty, in determining whether confinement was necessary, the trial court stated:

> But the [c]ourt is having a hard time finding that he is a good candidate for probation or that he would likely comply with the terms of probation because he's been given these prior opportunities and failed. Including failing a drug test on the very first report this time. Such simple things as failing to report. I just don't find him to be a good candidate for probation. And I don't have a program to put him in. And [unlawful possession of a firearm by a convicted felon] is a violent offense.

In its written revocation order, the trial court noted the defendant was entitled to jail credit for the one-year sentence that began March 30, 2018, the 90-day sentence that began April 21, 2019, and for the time he spent incarcerated between his arrest and the revocation hearing – August 5, 2019 through September 23, 2019. This timely appeal followed.

### *Analysis*

On appeal, the defendant claims the "trial court abused [it's] discretion in imposing confinement for the balance of the sentence." He argues that by immediately reporting upon his release after his first revocation, including reporting knowing he was likely to be arrested after his failed drug test, and by acknowledging not only that he needed but wanted help with his drug addiction, the defendant had shown a willingness to abide by the terms of his probation. The State contends the trial court did not abuse its discretion in revoking the defendant's probation or in ordering him to serve the original sentence in confinement. After our review, we affirm the judgment of the trial court.

A trial court has statutory authority to revoke a suspended sentence upon finding the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If a violation is found by the trial court during the probationary period, the time within which it must act is tolled and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn.

Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id*. (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

Initially, we are compelled to address the defendant's statement concerning the timing of his drug use. While the defendant does not directly argue the trial court erred in revoking his probation because his drug use occurred while in jail for his first revocation and not upon his release, he does note the timing of his drug use throughout his argument. Though it does appear from the record that the defendant's positive drug screen was the result of the defendant's using drugs while in jail, the fact that the defendant was in jail at the time of his drug use does not prevent the trial court from revoking his probation for that act.

As noted *supra*, the defendant initially violated the terms of his probation by failing to report and not complying with his curfew. As a result of those violations, the trial court revoked the defendant's probation and ordered him to serve an additional 90 days in jail followed by a return to supervised probation. It was during his 90-day incarceration that the defendant admittedly used methamphetamine, amphetamine, and cocaine which resulted in a positive drug screen upon his release, and it is this behavior for which the trial court revoked the defendant's probation a second time. While the defendant's drug use occurred in jail, "sound public policy dictates that a defendant who has been sentenced [to probation], and is thereby on notice of any probationary terms, should not be granted free reign to violate those terms at will merely because the actual period of probation has not begun." *State v. Charles David Vanderford*, No. W2000-02639-CCA-R3-CD, 2001 WL 1690258, at *3 (Tenn. Crim. App. Dec. 14, 2001) (quoting *State v. Conner*, 919 S.W.2d 48, 51 (Tenn. Crim. App. 1995)), *perm. app. denied* (Tenn. May 6, 2002). Thus, the timing of the defendant's drug use did not preclude the trial court from revoking the defendant's probation.

The defendant admits he violated the terms of his probation by using drugs. This Court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App Feb. 10, 1999); *see State v. Timothy A. Johnson*, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002). This was the defendant's second probation violation. In our view, the trial court properly not only expressed concern with the defendant's positive drug screen, his history of drug use, and his failure to seek help for his drug problem but also with the fact that the defendant used drugs while serving his 90-day sentence as a result of his first violation. Accordingly, we have no hesitation in

- 4 -

concluding the trial court did not err by ordering the defendant to serve the balance of his sentence in confinement.

In addition to the defendant's admissions, the record contains sufficient evidence to support the trial court's decision to revoke probation and order the defendant to serve the original sentence in confinement. The uncontroverted proof presented during the revocation hearing revealed the defendant tested positive for methamphetamine, amphetamine, and cocaine.

As noted above, once a violation of probation is found, the trial court can order the defendant to serve the original sentence. Tenn. Code Ann. § 40-35-310; *see Lewis*, 917 S.W.2d at 256. Though the defendant testified at the revocation hearing and asked the trial court for another second chance on probation, the trial court was not persuaded and was under no obligation to comply with the defendant's request. The record contains sufficient evidence the defendant violated the terms of his probation as he stipulated to and testified to the same. *Leach*, 914 S.W.2d at 106. Accordingly, the trial court acted within its discretion in ordering the defendant to serve the original sentence of ten years in the Tennessee Department of Correction. Tenn. Code Ann. § 40-35-310; *Clyde Turner*, 2013 WL 5436718, at *2; *Lewis*, 917 S.W.2d at 256. The defendant is not entitled to relief.

### *Conclusion*

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve the original sentence in confinement.

_____
J. ROSS DYER, JUDGE

- 5 -